DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Anna Troyer, | ) | |
| | ) | CASE NO. 5:12CV2328 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| Dianna M. Anelli, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pro se plaintiff Anna M. Troyer filed the above-captioned complaint against Dianna M. Anelli, David D. Troyer and John Libbert. Under her complaint caption, Ms. Troyer writes: "Falsified and stole documents to fit depositions and filings, leading to severe emotional stress and life endangerment." (Compl. at 1.)

There is no stated basis for this Court's jurisdiction, but Ms. Troyer seeks 8.4 million dollars in damages for "emotional stress, lost wages and life endangerment." (Compl. at 2.) Moreover, she identifies herself as a Pennsylvania resident and provides Ohio addresses for each of the three defendants.

The defendants have filed individual Answers to the complaint, denying all allegations. For the reasons set forth below, the complaint is dismissed.

**I. BACKGROUND**

Ms. Troyer alleges the defendants engaged in a scheme to change or steal an original file to "fit the depositions and filings." (Compl. at 1.) "[C]olluding with" her ex-husband David Troyer and her former attorney Dianna Anelli, unnamed agents allegedly broke into her home to

(5:12 CV 2328)

steal original files which they replaced with false documents.[1] As a result, part of her deposition omitted any discussion of photographs she took of a blackboard and any relevant statements regarding her decision to settle for $500,000.00. She is asking the Court to conduct "a full investigation . . . of the criminal activity surrounding this case." (Compl. at 2.)

In the first sentence of her complaint, Ms. Troyer seeks to withdraw a "Motion to File Under Seal." The defendants' Answers reveal Ms. Troyer is referring to the legal malpractice complaint she filed two years ago in this court based on diversity of citizenship. *See Troyer v. Hardin, et al.*, No. 5:10cv2391 (N.D. Ohio 2010)(Adams, J.)("*Troyer I*").

Defendant Dianna Anelli was one of the four attorneys Ms. Troyer hired to represent her in *Troyer I*. In that action, she accused her former attorneys, Raymond T. Bules, Day Ketterer, Ltd., J. Curtis Werren, and John R. Warren (collectively, "Day Ketterer"), Thomas Hardin, and Hardin & Associates, LLC (collectively, "the Hardin Defendants"), of malpractice during her divorce proceedings. Both the Day Ketterer defendants and the Hardin defendants filed motions for summary judgment to dismiss the action. *See Troyer I* (ECF Nos. 79, 91). After granting the Day Ketterer defendants' motion for summary judgement on February 17, 2012, Judge Adams dismissed the case with prejudice when he granted the Hardin defendants' motion for summary judgment on March 14, 2012. *Troyer I* (ECF No. 110).

On the same date Ms. Troyer filed this complaint, she filed the same pleading as several post judgment motions in *Troyer I. See Troyer I* (ECF No. 121). Judge Adams withdrew Ms. Troyer's Motion to Seal, denied her Motion for Order to File Electronically, granted the Motion

---

[1] Ms. Troyer does not identify Mr. Libbert's role or his relevance to this action.

(5:12 CV 2328)

to Withdraw Document, denied her Motion for Damages, and denied her Motion for Order for Criminal Investigation. *Troyer I* (ECF No. 122).

## II. STANDARD OF REVIEW

Although pro se pleadings are liberally construed,[2] a "district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

## III. FAILURE TO STATE CLAIM

Federal Civil Rule 8 requires a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The standard does not require "detailed factual allegations," but it demands more than an unadorned, "the-defendant-unlawfully-harmed-me" accusation. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. Bald assertions without any further factual

---

[2] Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972).

3

(5:12 CV 2328)

enhancement cannot satisfy basic pleading requirements. Id. Accepting the facts as true, the complaint must still contain sufficient factual matter to "state a claim to relief that is plausible on its face." Id. Ms. Troyer's Complaint does not state a claim for which this court can grant relief.

Even liberally construing Ms. Troyer's claims as fraud, she has failed to allege facts that support such a claim. Federal Civil Rule 9(b) requires that any complaint "alleging fraud or mistake, . . . must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Without identifying any elements or statute Ms. Troyer believes the Defendants have violated, she cannot allege with particularity whether the Defendants' actions constituted any violation. A complaint will not suffice if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Ashcroft, 129 S. Ct. at 1948 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). Therefore, Ms. Troyer has failed to state a claim for relief.

## IV.  CONCLUSION

Accordingly, this action is dismissed for failure to state a claim for relief. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

4

(5:12 CV 2328)

    The Clerk is directed to mail a copy of this Memorandum Opinion and Order to plaintiff at her address of record.

    IT IS SO ORDERED.

<u>November 16, 2012</u>                               <u>/s David D. Dowd, Jr.</u>
DATE                                             DAVID D. DOWD, JR.
                                                    UNITED STATES DISTRICT JUDGE